**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

------------------------------------------------------------------

SHANNON VICTOR, AND JOHN APUNGO,

                Plaintiffs,

Plaintiff designates Orange County as place of trial.
Venue based upon plaintiff's residence & Defendant's place of business: Orange County, New York

**SUMMONS**

        -against-

STEELWAYS, INC., DAVID PLOTKIN,
INDIVIDUALLY AND AS PRESIDENT,
AND KEVIN WAY,

                Defendants.
------------------------------------------------------------------

To the above named defendants:

    ***YOU ARE HEREBY SUMMONED*** and required to serve upon Plaintiffs' attorney an answer to this complaint in this action within twenty days after service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The action will be heard in the Supreme Court of the State of New York in and for the County of Orange. The action is brought in the County of Orange based upon plaintiff's residence and Defendant's place of business.

Dated: Stony Point, New York
         July 11, 2022

                                                    /S/
                                           MICHAEL DIEDERICH, JR.
                                           *Attorney for Plaintiffs*
                                           361 Route 210
                                           Stony Point, New York 10980
                                           (845) 942-0795

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------
SHANNON VICTOR, AND JOHN APUNGO,

                Plaintiffs,

                                          COMPLAINT

    -against-

STEELWAYS, INC., DAVID PLOTKIN,
INDIVIDUALLY AND AS PRESIDENT,
AND KEVIN WAY,

                Defendants.
-----------------------------------------------------------------

PLAINTIFFS SHANNON VICTOR and JOHN APUANGO, through their undersigned counsel MICHAEL DIEDERICH, JR., complains of the DEFENDANTS as follows:

**Prefatory Statement**

This is an action for damages and injunctive relief against defendant Steelways, Inc. and individual aiders and abettors for their creation of an unlawfully hostile work environment, and their discriminatory termination (and non-reinstatement after layoff) of Plaintiffs' employment, in violation of Plaintiffs' rights under the N.Y.S. Human Rights Law ("HRL") and various provisions of federal law, including, as to Plaintiff Shannon Victor, violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and as to Plaintiff Apuango, 42 U.S.C. § 1981.

**THE PARTIES**

1. Plaintiff Shannon Victor is, and was at all times relevant herein, citizen of the United States and a resident of the Town of Newburgh, County of Orange, State of New York.

2. Plaintiff John Apuango is, and was at all times relevant herein, citizen of the United States and a resident of the City of Peekskill, County of Westchester, State of New York.

3. Defendant Steelways, Inc. (hereinafter "Defendant" or "Steelways"), upon information and belief, is and at all times relevant herein was a business corporation organized and existing under the laws of the State of New York, located at 401 Water Street, Newburgh, New York.

4. Defendant David Plotkin (hereinafter "Defendant Plotkin"), upon information and belief, is and at all times relevant herein was a resident the County of Orange, New York, and is owner and president of Steelways and is sued individually, as an aider and abettor, and as President of Steelways.

5. Defendant Kevin Way (hereinafter "Defendant Way"), upon information and belief, is and at all times relevant herein was a resident the County of Orange, and is a *de facto* owner and a principal of Steelways, and is sued individually, as an aider and abettor, and as an official of Steelways.

## JURISDICTION AND VENUE ALLEGATIONS

6. The appropriate federal court, if this case is removed, will have jurisdiction over Plaintiff Victor's claims under 42 U.S.C. § 2000e-5(f), over Plaintiff Apuango's claims under 42 U.S.C. § 1981, as well as under 28 U.S.C. § 1331 and § 1343(4).

## FACTUAL ALLEGATIONS

Overview—Mr. Apuango

7. Plaintiff John Apuango ("Mr. Apuango") is a Hispanic American, of non-white skin color, and national origin from Ecuador as his parents are American immigrants from Ecuador.

8. Mr. Apuango was repeatedly treated as a second class employee of Defendant and discriminated against in the terms and conditions of his employment on account of his ethnicity, national origin and skin color.

9. Mr. Apuango was laid off from his Steelways employment when business slowed in 2020 due to the COVID-19 pandemic, and then, unlike Defendant's "favored" (non-Hispanic)

employees, not returned to work.

10. Over the past decade or so, the racial and ethnic "complexion" of Steelways went from predominantly minority worker (Hispanics and African Americans) to almost all U.S.-born, non-ethnic Caucasians.

11. Upon information and belief only one minority worker (a janitor) remains in Defendant's employ.

Overview-- Mr. Victor

12. Plaintiff Shannon Victor ("Mr. Victor") is U.S.-born and Caucasian man who, as an employee of Steelways, stood up to Steelways' management to defend the rights of Defendants' Hispanic workers not to be discriminated against on the basis of their ethnicity, national origin and skin color.

13. Mr. Victor opposed Steelways' discriminatory treatment of its minority workers as second class employees, and he opposed Steelways' managers, and especially Defendant Kevin Way, intentionally degrading and humiliating Defendants' workers on account of their ethnicity, national origin and skin color.

14. Mr. Victor stood up for minority workers both because it was the right and moral thing to do, and also because he felt this was his obligation and responsibility as a Union representative/shop steward.

15. As a result of Mr. Victor's actions in attempting to protect minority workers from unlawful racial and national origin discrimination, he was laid off from his Steelways employment when business slowed in 2020 due to the COVID-19 pandemic and then, unlike Defendant's "favored" (non-Hispanic) employees, not returned to work.

Reprisal against Mr. Victor for seeking to Protect Defendants' minority workers

16. As Defendant Kevin Way became more and more influential in the management affairs

3

of Defendant, Defendant has systematically replaced its minority workers with non-ethnic White workers.

17. Upon information and belief, the reason for this is that Defendant Way is a racist and a bigot who harbors strong prejudice and animosity toward African Americans and Hispanics, or anyone such as Plaintiff Victor who comes to the defense of minority workers.

18. As a result of Mr. Way's ever-increasing (racist) managerial role at Steelways, the minority workers were subjected to continuous vicious ethnic epithets and the being called the Hispanic equivalent to the "N" word, namely, the "S" word, by Defendant Way.

19. Plaintiff Shannon Victor ("Mr. Victor") is U.S.-born and Caucasian man who, as an employee of Steelways, stood up to Steelways' management to defend the rights of Defendants' Hispanic workers not to be discriminated against on the basis of their ethnicity, national origin and skin color.

20. Mr. Victor opposed Steelways' discriminatory treatment of its minority workers as second class employees, and he opposed Steelways' managers, and especially Defendant Kevin Way, intentionally degrading and humiliating Defendants' workers on account of their ethnicity, national origin and skin color.

21. Mr. Victor was the only person willing to stand up for the Defendants' Hispanic workers. For this reason, the Defendants retaliated against him.

22. As discussed below, Mr. Apuango was treated in a disparate manner by Steelways on account of his ethnicity, national origin and skin color.

23. As a result of Steelways discriminatory animus, Mr. Victor was the only employee of Defendant willing to mentor Mr. Apuango with his development as an apprentice welder.

Discrimination against Plaintiff John Apuango

24. In contrast to the non- Hispanic coworker, Mr. Apuango was often assigned to do

4

"dirty work" not required of the non-Hispanic coworker and fellow trainee. Steelways focused on training the non-Hispanic for the skilled job of welder, and not training Mr. Apuango for the skilled job.

25. During Mr. Apuango's employment at Steelways, Defendant Kevin Way, on repeated occasions, insulted him by calling him a "lazy Spic."

26. Defendant Way intentionally obstructed Mr. Apuango's ability to advance at Steelways.

27. For example, Mr. Apuango asked to be allowed to train to become a welder. He was put into the welding crew. However, a non-Hispanic coworker who was brought into the crew at the same time was allowed and received much more attention and training than Mr. Apuango.

28. Defendant Way advanced the non-Hispanic worker and obstructed Mr. Apuango.

29. Mr. Apuango observed that Mr. Victor was the only "white" Steelways employee willing to treat the Hispanic employees non-discriminatorily and with respect.

30. In this regard, Mr. Victor was the only person willing to mentor Mr. Apuango in his development as an apprentice welder.

31. Mr. Apuango advanced in his training just as quickly as his non-Hispanic coworker. Yet, the non-Hispanic coworker received a retroactive pay raise after 2 months whereas Mr. Apuango had to wait 4 months or more for a pay raise that was not retroactive.

32. Mr. Apuango only received a pay raise after the discrimination was brought to the attention of the company's owner, Mr. David Plotkin.

33. Mr. Apuango observed that Mr. Victor was the only person willing to stand up for the Hispanic workers, and therefore defendant retaliated against him for this.

34. Steven Way (Defendant Kevin Way's brother) engaged in an intentionally obnoxious

manner towards Mr. Victor, with the message being clear, namely, that the company did not condone its "white" employees intermixing with people of black skin color (Mr. Victor's wife) or aiding people of brown skin color (Steelways' Hispanic workers).

35. Steven Way began calling Mr. Victor a "Nigger lover."

36. Mr. Apuango personally witnessed Steven Way calling Mr. Victor a "Nigger lover."

37. Mr. Apuango, was a man in his early twenties, and was repeatedly intimidated by the ethnic hostility he experienced and observed at Steelways.

38. As a consequence, out of concern that the future of his job was so tenuous, he took no vacation during the 3 years of his employment, even though the white employees took 3 weeks of vacation time per year.

39. And when Mr. Apuango requested that he be paid for his 3 weeks' vacation in 2020, Steelways management promised to do so but then reneged on the promise.

40. Accordingly, John is owed 3 weeks' vacation for each of 4 years, or a total of 12 weeks' vacation.

41. Steelways did not contest John's entitlement to unemployment insurance, yet offered him no severance when it failed and refused to rehire him. Steelways did hire back its white employees, including the person who trained as a welder at the same time as Plaintiff Apuango.

42. Mr. Apuango witnessed Mr. Victor being mistreated by Steelways' management on account of Mr. Victor's advocacy for Hispanic workers, including Mr. Apuango.

43. Evidence of the defendant's discriminatory animus towards Hispanic workers is indicated by the fact that predominantly the Hispanic workers' employment was terminated after the Covid 19 pandemic began in early 2020, with white employees being called back to work, and all but one of the Hispanic employees (and their sole non-minority supporter, Mr. Victor) not

being called back to work. Mr. Victor requested re-hire in September 2021 but was denied.

44. The one Hispanic worker who was called back, Geraldo Gonzalez, found himself the only Hispanic worker in the workplace, and then experienced a worsening ethnically hostile work environment, thereby causing him to leave the company because of Steelways' anti-Hispanic bias.

Racially and Ethnically Hostile Work Environment

45. A disinterested (non-Hispanic, U.S.-born) witness to the behaviors of Steelways' management observed the following animosity toward Plaintiff Apuango and other Hispanic employees:

   a. Kevin Way making constant derogatory remarks aimed especially at the Hispanic workers, for example, by intentionally referring to them as "Mexicans" even though he know very well that none were Mexican.

   b. Mr. Way repeatedly, and in a derogatory manner, referred to the company's Hispanic workers as "the Mexicans" and the "fucking Mexicans" even though he knew that many were born in the United States and the others born in Latin America but not in Mexico.

   c. Mr. Way would also make anti-Hispanic and racist comments such as "We have got to get more white guys here."

   d. Mr. Way made very clear to all, that he desired to have a U.S.-born "American" and "white" workforce, not one that was Latin or African American. For example, regarding individuals being hired for Steelways, Mr. Way asked "Why do we hire Jose and Juan and not Joe or John?"

   e. Mr. Way not only vocalized his disdain for ethnic minorities and non-whites, but also demonstrated it with his actions. For example, Mr. Way typically gave the Hispanic workers what the workforce viewed as the "shitty" or "dirty" jobs,

7

that is, low level work and menial tasks, even if such was beneath the minority worker's job title.

46. The same disinterested witness:

   a. overheard various workers talking about going to Shannon Victor, as the union shop steward, for help regarding the discriminatory abuse. Mr. Victor attempted to help Hispanic workers, for example, by reporting the constant defamatory language and disparate treatment of the "non-white" workers by management, specifically Kevin Way.

   b. overheard Kevin Way refer to Shannon Victor as a "nigger lover" and also a "white nigger." Mr. Way knew that Mr. Victor was trying to assist workers with darker skin color (the Hispanic workers) and also knew that Mr. Victor's wife is a person of color.

   c. overheard Kevin Way make disparaging comments towards an African American employee (Mr. O'Neill) who was about 50 years old. Mr. Way stated that: "that guy is pathetic to still be working here at his age." (Mr. Victor is slightly younger than O'Neill.)

   d. observed that, for Hispanics and African Americans, Steelways' management had created a hostile work environment—a problem that Mr. Victor did what he could to correct.

47. This disinterested person corroborates Plaintiff's allegations, including that Steelways created and allowed a manifestly hostile work environment based upon the workers' race and national origin.

Breach of Contractual Covenants of Duties of Good Faith and Fair Dealing

48. Upon information and belief, Defendant Company breached its contractual obligation of good faith and fair dealing with the Plaintiffs in regard to its actions against the Plaintiffs, including but not limited to denying a fair severance package in connection with laying off, and not reinstating Plaintiffs' employment, which actions were without just cause and in bad faith.

"Right to Sue" Letter

49. Plaintiff Victor has filed a timely charge of race discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC by letter dated April 11, 2022, a copy of which is attached hereto as Exhibit "1".

### FIRST CAUSE OF ACTION —
### DISCRIMINATION AGAINST SHANNON VICTOR ON ACCOUNT OF HIS RACE (WHITE) AND RETALIATION FOR SEEKING TO AID NON-WHITES AND HISPANIC CO-WORKERS, IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.§ 2000e

50. Plaintiff repeats and reiterates each of the allegations above as if fully repeated here at length.

51. Defendant's justification for not calling back (rehiring) Plaintiffs at the end of the Covid 19 industry slowdown, upon information and belief, was pretextual and a sham.

52. As a proximate result of defendants' actions, Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

53. As a further proximate result of defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

54. As a further proximate result of defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other

9

incidental and consequential damages and expenses.

55. Plaintiff has been damaged thereby.

56. The conduct of defendants was wanton, outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

### SECOND CAUSE OF ACTION —
### RACE DISCRIMINATION AGAINST PLAINTIFF APUANGO, IN VIOLATION OF 42 U.S.C. § 1981

57. Plaintiffs repeat and reiterate each of the allegations above as if fully repeated here at length.

58. Plaintiff Apuango is a non-white (Hispanic) man discriminated against in the terms and conditions of his employment with Defendant on account of his national origin.

59. Defendants' actions toward Plaintiff Apuango violated his rights under the N.Y.S. Human Rights Law.

60. Plaintiff was damaged thereby.

61. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

62. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

63. The conduct of Defendants was wanton, outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

### THIRD CAUSE OF ACTION—
### NATIONAL ORIGIN & RACE DISCRIMINATION AGAINST
### PLAINTIFF VICTOR AND PLAINTIFF APUANGO
### IN VIOLATION OF THE N.Y.S. HUMAN RIGHTS LAW

64. Plaintiffs repeat and reiterate each of the allegations above as if fully repeated here at length.

65. Plaintiff Apuango is a non-white (Hispanic) man discriminated against in the terms and conditions of his employment with Defendant on account of his national origin.

66. Defendants' actions toward Plaintiff Apuango violated his rights under the N.Y.S. Human Rights Law.

67. Plaintiff Victor is a White (Caucasian) man discriminated against in the terms and conditions of his employment with Defendant on account of his efforts opposing national origin discrimination by Defendants.

68. Defendants' actions toward Plaintiff Victor violated his rights under the N.Y.S. Human Rights Law.

69. Plaintiffs were damaged thereby.

70. Plaintiffs have been unable, despite reasonable efforts, to find comparable employment.

71. As a further proximate result of Defendants' actions, Plaintiffs have suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

72. The conduct of Defendants was wanton, outrageous and malicious, was intended to injure Plaintiffs, and was done with reckless indifference to Plaintiffs' rights, entitling Plaintiffs to an award of punitive damages.

## FOURTH CAUSE OF ACTION—
## BREACH OF CONTRACT

73. Plaintiff Apuango repeats and reiterates each of the allegations above as if fully repeated here at length.

74. Defendant Steelways did not pay Plaintiff Apuango monies owed him as earned vacation pay.

75. Defendant Steelways breached its implied contract with Plaintiff Apuango to pay vacation pay.

76. Plaintiff was damaged thereby.

## FIFTH CAUSE OF ACTION—
## AGE DISCRIMINATION

77. Plaintiff Victor repeats and reiterates each of the allegations above as if fully repeated here at length.

78. Plaintiff Victor was over 40 years of age at the time of Steelways adverse actions against him.

79. Plaintiff was discriminated against on account of his efforts to protect Hispanics, but also because of his age.

80. Thus, Defendant Steelways violated both the federal Age Discrimination in Employment Act (ADEA) and the N.Y.S. Human Rights Law.

81. Plaintiff was damaged thereby.

82. Plaintiff is entitled to liquidated damages and attorney's fees for this violation.

## DEMAND FOR JURY

*Plaintiff hereby demands trial by jury in this action.*

WHEREFORE, Plaintiffs pray that this Court grant judgment containing the following relief:

a. An award of Plaintiffs' actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including back pay, and also an award of back pay and front pay compensating Plaintiffs for loss of past and future salary and benefits;

b. An award of damages to be determined at trial to compensate Plaintiffs for mental anguish, humiliation, embarrassment, and emotional injury;

c. An award of liquidated damages and punitive damages;

d. An order enjoining Defendants from engaging in the wrongful practices alleged herein and to reinstate Plaintiffs' employment with Defendant;

e. An award of reasonable attorneys' fees and the costs of this action; and

f. Such other and further relief as this Court may deem just and proper.

Dated: Stony Point, New York
       July 11, 2022

                /S /
                MICHAEL D. DIEDERICH, JR.
                *Attorney for Plaintiff*
                361 Route 210
                Stony Point, NY 10980
                (845) 942-0795
                Mike@DiederichLaw.com

Attachment
 Exhibit "1" – Right to Sue Letter

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/11/2022

**To:** Mr. Shannon Victor
25 Victoria Drive
Newburgh, NY 12552

Charge No: 520-2021-02309

EEOC Representative and email:    Debra Richards
Federal Investigator
debra.richards@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2021-02309.

On behalf of the Commission,

Digitally Signed By: Judy Keenan
04/11/2022

Judy Keenan
District Director

# Complaint Exhibit "1"